IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL VASQUEZ-CASTANEDA,

        Petitioner,

v.

JAMAL L. JAMISON, et al.,

        Respondents.

CIVIL ACTION
NO. 26-3015

## ORDER

**AND NOW**, this 6th day of May 2026, upon consideration of Petitioner Gabriel Vasquez-Castaneda's Petition for Writ of Habeas Corpus (Doc. No. 1) and Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 3), it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]  It is **FURTHER ORDERED** as follows:

---

[1]  Petitioner Gabriel Vasquez-Castaneda ("Petitioner") is a citizen of Mexico who entered the United States in 2008.  (Doc. No. 1 at 2.)  On May 3, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents.  (Id. at 3.)  Petitioner is currently detained at the Federal Detention Center ("FDC") in Philadelphia. (Id.)

On May 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court.  In that Petition, he asks the Court to order his release, or in the alternative, order a bond hearing.  (Id. at 2.)  On May 6, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition.  (Doc. No. 3.)  The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 8–10.) Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States.  (See Doc. No. 3 at 4–8.)  However, because (1) Petitioner's Due Process claims are predicated on his statutory claims, and (2) his detention has only lasted for a short duration, the Court will focus its analysis on Petitioner's statutory claims.  See Kashranov v. Jamison, No. 25-cv-5555, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025) (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…").

Next, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 3 at 7.) That distinction is critical because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

Respondents cite to two recent decisions of the United States Court of Appeals for the Fifth and Eighth Circuits, in which the majority adopted Respondents' interpretation of the interplay between Section 1225(b)(2) and Section 1226(a). (Doc. No. 3 at 3) (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026); Avila v. Bondi, et al., 170 F.4th 1128, 1134(8th Cir. 2026)). In both Buenrostro-Mendez and Avila, the Fifth and Eighth Circuits, respectively, held that Section 1225(b)(2) applied to detainees like Petitioner because—despite residing in the United States for significant periods of time—they were still "seeking admission" under Section 1225(b)(2). See Buenrostro-Mendez, 166 F.4th at 502 ("The petitioners are deemed, by statute, to be applicants for admission pending the resolution of removal proceedings. While they remain applicants, they are presently seeking admission."); Avila, 170 F.4th at 1134 (noting that in the context of 8 U.S.C. § 1225(b)(2)(A) "seeking admission" and "applicant for admission" are synonymous).

This Court previously addressed Respondents' contentions in Nogueira-Mendes v. McShane, No. 25-cv-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. While the Court has considered the Fifth and Eighth Circuits' contrary interpretation of the dueling INA provisions at issue here, the Court finds no reason to depart from its prior findings in Nogueira-Mendes or the chorus of unanimous rulings from Judges in this District. See (Doc. No. 3 at 6–7) ("The government acknowledges that all courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A) requires that an "applicant for admission" be actively "seeking admission" at or near the border to fall within its scope."); Vimos v. Fed. Det. Ctr. Philadelphia, No. 26-cv-780, 2026 WL 381173, at *n.12 (E.D. Pa. Feb. 11, 2026) (rejecting the Fifth's Circuit holding in Buenrostro-Mendez); De Andrade v. Rose, No. 26-cv-603, 2026 WL 401189, at *5 (E.D. Pa. Feb. 12, 2026) (same). Consequently, here, the Court holds as follows: (1) the Court has jurisdiction to hear Petitioner's case, and (2) only Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by May

1) By May 18, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by May 18, 2026 they must release Petitioner from detention while he awaits the bond hearing.

3) By May 22, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.

---

18, 2026.  If Respondents do not hold a bond hearing by May 18, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Gabriel Vasquez-Castaneda's Petition for Writ of Habeas Corpus (Doc. No. 1).